# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARMEN WISE<br><br>                              **Plaintiff,**<br><br>                    **v.**<br><br>NANCY A. BERRYHILL<br><br>                              **Defendant.** | **CIVIL ACTION NO. 18-3280** |

## MEMORANDUM OPINION

**Rufe, J.**                                                              **January 12, 2021**

Plaintiff Carmen Wise filed this action requesting judicial review of the Commissioner of Social Security's denial of her claim for Disability Insurance Benefits and Supplemental Security Income between 2013 and 2017. Plaintiff seeks reversal of this decision, arguing that the Administrative Law Judge ("ALJ") erred by denying her claim.

The Court referred this case to Magistrate Judge Timothy R. Rice, who issued a Report and Recommendation ("R&R") concluding that the Commissioner's decision was supported by substantial evidence. Plaintiff has filed objections to the R&R, alleging that the ALJ failed to give proper weight to medical evidence or explain his determination that Plaintiff was not disabled. Upon this Court's careful and independent consideration of the administrative record, the parties' submissions, and the applicable law, the Court will sustain the objections in part and remand this case to the Commissioner for further proceedings.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

The R&R sets forth an exhaustive review of the factual background and medical evidence submitted in this case, which the Court adopts and incorporates without objection.[1] The Court summarizes those facts necessary to its determination.

Plaintiff filed for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") in August of 2014, claiming that she had been disabled as of September 25, 2013.[2] After a hearing, the ALJ issued a partially favorable decision, finding that Plaintiff was disabled as of her 50th birthday in 2017, but not before.[3] Plaintiff appealed the denial of benefits for the period from 2013 to 2017, which the Appeals Council denied. Plaintiff then filed this action.

Plaintiff suffers from both psychiatric and physical impairments, including degenerative disc disease, depression, an anxiety disorder, post-traumatic stress disorder, bi-polar disorder, and a substance abuse disorder.[4] Treatment for Plaintiff's psychiatric impairments has included treatment from Dr. Althea Donovan from November 2013 through February of 2016.[5] Treatment for her back pain has included physical therapy, multiple epidural steroid injections, and medical branch block nerve injections.[6]

---

[1] *See e.g.*, *Klinger v. Barnhart*, No. 02-1008, 2003 WL 21654994, at *1 (E.D. Pa. July 15, 2003) (adopting a Magistrate Judge's R&R because Plaintiff did not object to the recitation of facts therein).

[2] *See* R. 78. Plaintiff originally claimed disability as of June 20, 2010, but later amended her onset date to September 25, 2013. *Id.* at 16.

[3] *Id.* at 30. A person under age 50 is categorized as a "younger person" by the Social Security Administration and an individual aged 50 is considered "an individual closely approaching advanced age." *See* 20 C.F.R. § 404.1563. Age is considered a "vocational factor" and age category is considered when determining disability. *See id.*

[4] R. 19.

[5] *Id.* at 580, 774.

[6] *Id.* at 934, 944–45, 988–89, 999–1000, 1007–08, 1016.

## II.   STANDARD OF REVIEW

The Social Security Act ("SSA") provides for judicial review of any "final decision of the Commissioner of Social Security" in a disability proceeding.[7] The Court may enter a judgment "affirming, modifying or reversing the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing."[8] However, the Commissioner's findings "as to any fact, if supported by substantial evidence, shall be conclusive."[9] Accordingly, the Court's scope of review is "limited to determining whether the Commissioner applied the correct legal standards and whether the record, as a whole, contains substantial evidence to support the Commissioner's findings of fact."[10]

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[11] It is "more than a mere scintilla" but less than a preponderance of the evidence.[12] The standard is also deferential to any inferences drawn from the facts when "they, in turn, are supported by substantial evidence."[13]

---

[7] 42 U.S.C. § 405(g).

[8] *Id.*

[9] *Id.*

[10] *Schwartz v. Halter*, 134 F. Supp. 2d 640, 647 (E.D. Pa. 2001).

[11] *Jesurum v. Sec'y of U.S. Dep't of Health and Human Servs.*, 48 F.3d 114, 117 (3d Cir. 1995) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

[12] *Id.* (citing quoting *Richardson*, 402 U.S. at 401).

[13] *Shaudeck v. Comm'r of Soc. Sec.*, 181 F.3d 429, 431 (3d Cir. 1999).

3

In reviewing the R&R, the Court reviews de novo any portions to which Plaintiff objected.[14] The Court may "accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[15]

### III. FINDINGS OF THE ADMINISTRATIVE LAW JUDGE

An ALJ reviewing an application for disability benefits[16] must employ the five-step process established by the SSA:

1.   The ALJ must decide whether the claimant is engaged in substantial gainful activity. If the claimant is, they not disabled.[17]

2.   The ALJ must determine whether the claimant has a severe impairment. If the claimant does not have a severe impairment, they are not disabled.[18]

3.   The ALJ must determine whether the severe impairments, individually or in combination, either meet or medically equal a Listing.[19] If a Listing is satisfied, they will be found to be disabled.[20]

4.   If no Listing satisfied, the ALJ determines whether the claimant has the Residual Functional Capacity ("RFC") to perform any past relevant work. If the claimant can still perform past work, they are not disabled.[21]

---

[14] 28 U.S.C. § 636(b)(1)(C).

[15] *Id.*

[16] DIB and SSI use the same five-step process.

[17] *See* 20 C.F.R. §§ 404.1520(b), 416.920(b)

[18] *See* 20 C.F.R. §§ 404.1520(c); 416.920(c).

[19] Listings are the criteria for impairments conclusively presumed to be disabilities, and are defined in Part 404, Subpart P, Appendix of the Social Security Act.

[20] *See* 20 C.F.R. §§ 404.1520(d); 416.920(d).

[21] 20 C.F.R. §§ 404.1520(f), 416.920(f).

5.  The ALJ, along with vocational experts, will establish if the claimant has the RFC to perform any job available in the national economy. If the claimant does not have the RFC to perform any job, they are disabled.[22]

The ALJ found that Plaintiff was not engaged in substantial gainful activity, and found that Plaintiff had severe impairments of degenerative disc disease, depression, anxiety, post-traumatic stress disorder, bipolar disorder, and substance abuse disorder.[23] However, the ALJ found that none of Plaintiff's impairments, or combination a of impairments, met or medically equaled a Listing.[24]

Moving to step four, the ALJ found the following RFC:

[Plaintiff] has the residual functional capacity to perform sedentary work . . . except she could lift and carry 10 pounds only occasionally, but less than 10 pounds frequently. She can sit for six hours, stand for two hours, and walk for two hours in an eight-hour day . . . . She is able to concentrate for only two hours before requiring a break. She is limited to performing only simple, routine tasks. She is limited to frequent interaction with supervisors and co-workers. She can only occasionally interact with the general public. . . . She can frequently perform at consistent pace without an unreasonable number and length of rest periods. Finally, she can frequently perform activities within a schedule.[25]

The ALJ determined that Plaintiff would be unable to perform her past work as an assistant store manager with this RFC.[26] But the ALJ found that while Plaintiff was categorized as a "younger person," she could perform the jobs of addresser, nut sorter, and cuff folder. The ALJ therefore found Plaintiff to not be disabled before January 2017.[27]

---

[22] 20 C.F.R. §§ 404.1520(g), 416.920(g).

[23] R. 18–19.

[24] *Id.* at 19.

[25]*Id.* at 21.

[26] *Id.* at 28.

[27] *Id.* at 29, 30.

## IV.   DISCUSSION

Plaintiff objects to the R&R on three grounds: (1) the ALJ failed to reasonably explain his assessment of Plaintiff's RFC;[28] (2) the ALJ improperly rejected medical evidence from Plaintiff's treating psychiatrist;[29] and (3) the ALJ failed to reasonably explain his findings that Plaintiff did not meet or medically equal a Listing.[30]

### A.  ALJ's RFC Determination

Plaintiff argues that the ALJ improperly discounted her complaints of pain in determining her RFC.[31] Subjective complaints of pain should be seriously considered in disability determinations.[32] Additionally, when complaints of pain are supported by medical evidence, they should be given weight and not discounted without "contrary medical evidence."[33]

Plaintiff's epidural steroid injections are objective medical evidence in support of her complaints of back pain. However, there is other medical evidence in the record supporting the ALJ's RFC determination. For example, the ALJ cited evidence that Plaintiff had a normal range of motion and strength, that she was repeatedly found to have a normal gait and normal stance, and that multiple straight leg raise tests, crossed straight leg tests and other tests were negative.[34] The ALJ's determination was therefore supported by substantial evidence.

---

[28] Pl.'s Obj. to R&R [Doc. No. 20] at 10.

[29] *Id.* at 1.

[30] *Id.* at 8.

[31] *Id.* at 10

[32] *Ferguson v. Schweiker*, 765 F.2d 31, 37 (3d Cir. 1985).

[33] *Id.*

[34] R. 26.

6

**B. ALJ's Rejection of Medical Opinion from Treating Psychiatrist**

Plaintiff next argues that the ALJ failed to reasonably explain his rejection of evidence and opinions from her treating psychiatrist, Dr. Donovan. A treating physician's opinions are entitled to "controlling weight" if they are "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and "not inconsistent with the other substantial evidence."[35] Plaintiff contends that the ALJ did not "reasonably evaluate nor explain the rejection of medical opinion evidence from a treating psychiatrist."[36] Plaintiff points to three pieces of medical evidence from Dr. Donovan that the ALJ allegedly disregarded: Global Assessment of Functioning ("GAF") scores; a Department of Public Welfare ("DPW") form; and a clinical note stating employment limitations.[37]

*1. Global Assessment of Functioning Scores*

Plaintiff first points to the Global Assessment of Functioning ("GAF") scores which suggested a "disabling degree of mental impairment."[38] However, the most recent edition of the *Diagnostic and Statistical Manual of Mental Disorders* (the DSM-5) has abandoned the use of the GAF score as a measurement tool.[39] Because of this, although a GAF score may be considered, the Social Security Administration "has instructed that a 'GAF score is never dispositive of impairment severity,' and an ALJ should not 'give controlling weight to a GAF from a treating source unless it is well supported and not inconsistent with other evidence.'"[40]

---

[35] 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2).

[36] Pl.'s Obj. to R&R [Doc. No. 20] at 1.

[37] *Id.* at 1, 5, 6.

[38] *Id.* at 1.

[39] *Hughes v. Comm'r Soc. Sec.*, 643 F. App'x. 116, 119 n.2 (3d Cir. 2016).

[40] *Id.* (citing SSA AM-13066 at 5 (July 13, 2013)).

The record shows that the ALJ considered the scores and found they were inconsistent with the other evidence.[41] For example, the ALJ noted that the medical records showed that Plaintiff was able to "understand, remember and carry out short simple instructions," "maintain attention and concentration for extended periods," and "sustain an ordinary routine without special supervision."[42] The Court concludes that the ALJ's evaluation of the conflicting evidence was supported by substantial evidence in the record.[43]

### 2. *Department of Public Welfare Form*

Plaintiff next points to a Department of Public Welfare ("DPW") form, signed by Dr. Donovan, which indicated that she believed Plaintiff to be permanently disabled.[44] Plaintiff further contends that because the ALJ described the form as being from "a doctor with an illegible signature," he could not "properly weigh this evidence" without knowing who had signed it and therefore could not take Dr. Donovan's specialty and treatment relationship with Plaintiff into account.[45]

The form in question contains Plaintiff's diagnosis and states that Plaintiff is "Permanently Disabled."[46] The form does not state any limitations, symptoms, or any other specific findings. A finding of disability by a provider is not considered a "medical opinion" and

---

[41] *See* R. 26 (considering Plaintiff's GAF scores).

[42] *Id.* at 26–27.

[43] *See Davidheiser v. Berryhill*, No. 17-5097, 2018 WL 5802220, at *10 (E.D. Pa. Nov. 6, 2018) ("This Court is not permitted to re-weigh the evidence in the record or make its own factual determinations.").

[44] Pl.'s Obj. to R&R [Doc. No. 20] at 6.

[45] Pl.'s Obj. to R&R [Doc. No. 20] at 8.

[46] R. 772.

therefore the ALJ is not required to give it weight.[47] In other words, "a statement by a plaintiff's

treating physician supporting an assertion that she is 'disabled' or 'unable to work' is not

dispositive of the issue."[48] The ALJ did not err in disregarding the form.

### 3. Clinical Note entered April 28, 2014

Finally, Plaintiff points to a clinical note by Dr. Donovan, entered on April 28, 2014.[49]

The note read, in part:

> Note-pt. left her last job due to a panic attack. She has impulsive behavior, mood
> swings. She would miss one day a week if employed due to her mental state. She
> would have panic attacks for no reason or if criticized by supervisors. She can
> follow simple instructions. Detailed instructions would be difficult due to her
> anxiety causing poor concentration. She would get along with coworkers and take
> appropriate precautions with hazards.[50]

Plaintiff contends that because the note is a medical opinion by a treating physician, the ALJ

must explain his reasoning for rejecting or discounting it.[51] The ALJ's opinion did not mention

this specific note, but the R&R determined that the ALJ had considered Dr. Donovan's clinical

notes as a whole because many of Dr. Donovan's other clinical notes were mentioned.[52] The

R&R also noted that there is no requirement that the ALJ discuss every piece of evidence in the

record.[53]

---

[47] *See* 20 C.F.R. §§ 404.1527(d), 416.927(d).

[48] *Adorno v. Shalala*, 40 F.3d 43, 47–48 (3d Cir. 1994).

[49] Pl.'s Obj. to R&R [Doc. No. 20] at 8.

[50] R. 600.

[51] Pl.'s Obj. to R&R [Doc. No. 20] at 9.

[52] R&R [Doc. No. 19] at 15.

[53] *Id.* (citing *Fargnoli v. Massanari*, 247 F.3d 34, 41 (3d Cir. 2001)).

It is correct that the ALJ need not "make reference to every relevant treatment note," particularly where there are "voluminous medical records."[54] But the ALJ must consider any medical evidence from treating physicians suggesting "a contrary disposition" and explain any rejections.[55] Without such explanation, a court cannot determine if "significant probative evidence was not credited or simply ignored."[56]

The clinical note entered April 28, 2014 is the only note from Dr. Donovan to directly address Plaintiff's ability to work and is relevant to determining if Plaintiff is disabled. The ALJ mentioned other notes from Dr. Donovan, such as those from February 17, March 3, and July 30, but did not mention the April 28 note.[57] The ALJ's failure to mention this significant note, despite discussing those written before and after, means that the Court cannot determine if it "was not credited or simply ignored."[58] Under these circumstances, the Court cannot conclude that the ALJ's finding is supported by substantial evidence and will remand the decision for further proceedings.

---

[54] *Fargnoli*, 247 F.3d at 42.

[55] *Adorno*, 40 F.3d at 48 (citing *Brewster v. Heckler*, 786 F.2d 581, 585 (3d Cir. 1986)); *see also Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 122 (3d Cir. 2000).

[56] *Burnett*, 220 F.3d at 121 (quoting *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).

[57] *See* R. 23. The ALJ also specifically mentioned other clinical notes from early 2014, including notes from January 23, January 27, and March 19. *Id.*

[58] *Burnett*, 220 F.3d at 121 (quoting *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)); *see also Stoltzfus v. Berryhill*, No. 16-6308, 2019 WL 1981888, at *5 (E.D. Pa. May 1, 2019) (citing *Rivera v. Astrue*, 9 F. Supp. 3d 495, 505 (E.D. Pa. 2014)) ("[T]he ALJ may not 'cherry-pick' results that support his conclusion and ignore those that do not.").

### C.  ALJ's Finding that Plaintiff Did Not Meet a Listing

Finally, Plaintiff argues that the ALJ erred in finding that Plaintiff did not meet or medically equal a Listing.[59] The ALJ considered three listings related to psychiatric conditions and found that Plaintiff did not meet the "B criteria."[60] Plaintiff contends that the ALJ failed to consider the combination of her medical and physical impairments and that the discussion of the findings for the "B criteria" did not fairly represent the record.[61]

The ALJ found that there was no medical equivalence to a Listing, stating that "the claimant has not had an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments."[62] The R&R concluded that the ALJ's statement was sufficient to show that the issue was fully considered.[63] However, the Court cannot review the "ALJ's understanding of the combined effects" when "the ALJ's opinion contains only a conclusory statement that [he] considered Plaintiff's physical and mental impairments in combination."[64] The Court therefore finds that the decision rejecting Plaintiff's

---

[59] Pl.'s Obj. to R&R [Doc. No. 20] at 8.

[60] *See* R. 19–21. The Listings considered were 12.04 (depressive, bipolar, and related disorders), 12.06 (anxiety and obsessive-compulsive disorders), and 12.15 (trauma- and stressor-related disorders). *See* 20 C.F.R. § 404, subpt. P, app. 1 § 12.00(A)(1).

The "B criteria" for the three Listings all consider the same areas of mental functioning: "(1) understanding, remembering, or applying information; (2) interacting with others; (3) concentration, persistence, or pace; and (4) adapting or managing oneself." R&R [Doc. No. 19] at 16. The criteria are met if an ALJ finds an "extreme limitation of one, or marked limitation of two" of the areas. 20 C.F.R. § 404, subpt. P, app. 1 §§ 12.04(B), 12.06(B), 12.15(B).

[61] Pl.'s Obj. to R&R [Doc. No. 20] at 8–9.

[62] R. 19. One way a medical equivalence to a Listing may be found is when a claimant has "a combination of impairments with medical findings of equal significance to the criteria of an analogous listed impairment."

[63] *See* R&R [Doc. No. 19] at 18.

[64] *Scott v. Berryhill*, No. 16-3736, 2018 WL 1660322, at *9 (E.D. Pa. Mar. 16, 2018), *report and recommendation adopted*, No. 16-3736, 2018 WL 1635650 (E.D. Pa. Apr. 4, 2018).

combination of impairments as medically equivalent to a Listing is not supported by substantial evidence.[65]

Additionally, although the ALJ considered the "B criteria" for the Listings in depth and explained his decision,[66] it is not clear that all relevant medical evidence was considered.[67] This Court will remand the case for the ALJ to consider all medical evidence in the record and determine whether Plaintiff's impairments, individually or in combination, meet or equal a Listing.

## V.   CONCLUSION

For the reasons stated above, the Court sustains Plaintiff's objections to the R&R in part. The ALJ failed to adequately discuss all relevant medical evidence from Plaintiff's treating psychiatrist, specifically the clinical note dated April 28, 2017. The ALJ also failed to adequately address whether Plaintiff's impairments were medically equivalent to a Listing. The Court will remand this case for consideration of all medical evidence in the record. An order will be entered.

---

[65] *See Torres v. Comm'r of Soc. Sec.*, 279 F. App'x. 149, 152 (3d Cir. 2008) ("There is no way to review the ALJ's decision in this case because no reasons were given for his conclusion that [the plaintiff's] impairments in combination did not meet or equal an Appendix 1 [L]isting."); *see also Burnett*, 220 F.3d at 119.

[66] *See* R. 19–21,

[67] *See supra* Subsection IV.B.3 (discussing Dr. Donovan's clinical note entered April 28, 2014).